■ BANK OF NEW YORK TRUST COMPANY, Respondent, v YESSICA GONZALEZ-SALINAS, Defendant. REO EQUITY MANAGEMENT, LLC, Nonparty Appellant. [932 NYS2d 372]—

On November 24, 2009, pursuant to a judgment of foreclosure and sale, a referee conducted an auction sale of certain real property. The successful bidder, REO Equity Management, LLC (hereinafter REO), made a down payment and signed the terms of sale, which provided, among other things, that the sale was subject to certain rights of the mortgagor. A few days later, the mortgagor moved, by order to show cause, to set aside the judgment of foreclosure and sale, and the motion was made returnable on December 21, 2009.

As early as January 11, 2010, REO sought to cancel the sale and recover its down payment because of the "cloud on title" allegedly created by the mortgagor's motion. Neither the referee, nor REO, nor the foreclosing bank sought an early decision on the mortgagor's motion or to compel a closing. The Supreme Court denied the mortgagor's motion in an order dated June 10, 2010. Two months later, REO moved to rescind the foreclosure sale and compel the referee to refund its down payment. REO contended that the Supreme Court, as a matter of equity, should grant the motion because of the delay in closing, mostly caused by time the court itself took to decide the mortgagor's motion. The Supreme Court denied REO's motion. REO appeals and we affirm.

A court may, in the exercise of its equitable powers, set aside a foreclosure sale "where there is evidence of fraud, collusion, mistake, or misconduct" (*Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d 547, 548 [1998]). Here, there was no such evidence. Moreover, the circumstances did not favor the exercise of the Supreme Court's equitable powers to cancel the sale. Consequently, the Supreme Court did not improvidently exercise its discretion in denying REO's motion to rescind the sale and compel the referee to return REO's down payment. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.